THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
18881 Von Karman Ave., Ste. 850
Irvine, CA 92612
Telephone:  (949) 825-5200
Facsimile: (949) 313-5001
Email: cameron@sethatlaw.com

LAW OFFICES OF MARK BALALI
MARK BALALI, Esq. (SBN: 291254)
9465 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212
Telephone: (310) 431-9774
Facsimile: (310) 933-0557
Email: balalilaw@gmail.com

Attorney for Plaintiff: Guadalupe Barragan.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUADALUPE BARRAGAN, as Personal Representative of the Estate of  FRED BARRAGAN and individually;**<br><br>**Plaintiff,**<br><br>vs.<br><br>**CITY OF LOS ANGELES, a Governmental Entity; HECTOR ALMEDA, Individually; and DOES 1 Through 10,**<br><br>**Defendants.** | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1.  **UNREASONABLE SEARCH AND SEIZURE-EXCESSIVE FORCE & DENIAL OF MEDICAL  CARE (42 U.S.C. § 1983)**<br>2.  **UNREASONABLE SEARCH AND SEIZURE-DETENTION AND ARREST (42 U.S.C. § 1983)**<br>3.  **MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY  (42 U.S.C. § 1983)**<br>4.  **BATTERY (STATE)**<br>5.  **NEGLIGENCE (STATE)**<br>6.  **FAILURE TO TRAIN  (42 U.S.C. § 1983)**<br>7.  **VIOLATION OF BANE ACT (CAL. CIV. CODE §52.1)**<br>8.  **FALSE ARREST/FALSE IMPRISONMENT**<br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Guadalupe Barragan, for her complaint against Defendant City of Los Angeles, and DOES 1 through 10, and alleges as follows:

## INTRODUCTION

1.     This case challenges the unjustified shooting, wrongful seizure and death of Fred Barragan, hereinafter referred to as " BARRAGAN" or "Decedent", by the City of Los Angeles and the Los Angeles Police Department, Officer Hector Almeda, DOES 1 through 10 (together "Defendants"). At the time of the shooting, BARRAGAN was unarmed when, with his back to the Defendant when without warning, Defendants fires his firearm at close range and killed him. Defendants had no probable cause to believe that BARRAGAN had committed a crime nor had threatened or in the process of threatening anyone's life with any force whatsoever. Neither had BARRAGAN committed any aggressive act at the Defendants, as claimed, to justify any type of lethal force used against him. He was simply running away unarmed. BARRAGAN was not posing any legitimate threat to warrant lethal force used against him.

2.     The use of lethal force against BARRAGAN killing him was unconstitutional, not of last resort, and violated clearly established law that would have been known to any reasonable police officer.

## <u>PARTIES</u>

3.     At all relevant times, Plaintiff Guadalupe Barragan, is the surviving parent and successor-in-interest to, Fred Barragan, the decedent,  pursuant to California Code of Civil Procedure § 377.60. Plaintiff is also acting in the capacity of a personal representative of the estate of Fred Barragan. Plaintiff was a resident of the County of Los Angeles, California. Plaintiff sues both in her individual capacity as the mother of decedent and as a successor-in-interest to Plaintiff seeks both survival damages and wrongful death damages under Federal and State law.

4.     At all relevant times, Defendant City of Los Angeles ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.   At all relevant times, CITY was the employer of Defendants  Hector Almeda ("ALMEDA"), Badge No. #39529, a Hollenbeck LAPD police officer "II", DOE I, his partner and DOES 2 through 5 ("DOE OFFICERS"), who were LAPD officers, and DOES 6 through 10 ("DOE SUPERVISORS"), who were managerial, supervisorial, and policymaking employees of the CITY Police  Department.

5.     At all relevant times, Defendants DOE SUPERVISORS were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as Police Officers  and with the complete authority and ratification of their principal, Defendant CITY.

6.     At all times relevant, Defendants ALMEDA, DOE OFFICERS, and DOE SUPERVISORS were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

7.     At all times mentioned herein, each and every Defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

8.     The true names of Defendants DOES 1 through 10, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained.  Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

9.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS, and DOE SUPERVISORS were acting on the implied and actual permission and consent of CITY.

## JURISDICTION AND VENUE

10.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution, as well as by California State laws.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

11.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Plaintiff and Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Boyle Heights, County of Los Angeles, within the Central District of California.

12.     Pursuant to California Government Code § 910 et seq., a government Tort Claim was forwarded to the City of Los Angeles on May 8, 2017. This tort claim was rejected the City of Los Angeles. Accordingly, Plaintiff filed the present lawsuit.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth herein.

14.     On or about March 24, 2017, at approximately 11:55 p.m., BARRAGAN was walking eastbound on the south sidewalk on First Street, near the intersection with South Soto Street, in the city of Boyle Height. Moments later, both Defendants ALMEDA and DOE 1 arrive in a squad car, and pull up next to the location where BARRAGAN had been walking. Before the vehicle comes to a stop, ALMEDA hastily jumps out of the passenger side of the vehicle, draws his firearm while running toward BARRAGAN. Upon information and belief, BARRAGAN, apprehending getting shot, begins running away from ALMEDA into a side alley from First Street.

15.     Within seconds of BARRAGAN's running start, ALMEDA shoots

his firearm at BARRAGAN's back who succumbs in a forward motions. BARRAGAN is now gasping for air and in desperate need of medical care. However, pronounced dead from multiple gun shots wounds.

16.    Defendant ALMEDA shot and killed BARRAGAN with his service revolver while he was unarmed, when he had committed no crime, had not been given any commands nor warnings, and posed no threat or danger to the public, or Defendants.

17.    A nearby business surveillance camera captured the entire incident from the time Defendants pull up to the scene, to when BARRAGAN begins running away from them, to the time ALMEDA start running in full stride, until the moment BARRAGAN gets shot in his back and collapses to his death.

18.    At the time of the shooting, BARRAGAN did nothing to justify the defendant's act of excessive force upon him. The defendants knew, or should have known, that BARRAGAN had not committed a crime, was not actively resisting or evading arrest, and posed no immediate threat to the public or the defendant officers. BARRAGAN did nothing to provoke the shooting.

19.    The Defendants knew, or should have known, that there was no probable cause to shoot to kill BARRAGAN.

20.    After the unlawful shooting, Defendants failed to summon emergency medical assistance to BARRAGAN or failed to do so in a reasonable time period until the Defendants had a chance to meet among themselves and try to fabricate a false basis so as to justify the shooting and killing of BARRAGAN.

21.    Within a few days after the shooting, upon information and belief, Defendants suggested to the Los Angeles County Coroner's office to post false information about the shooting, to wit, that BARRAGAN was shot in his chest, insinuating that he faced the officer and thereby posed a dangerous threat. However, this public information failed to mention a second gunshot wound

clearly visible in his back, representing a gunshot entry wound. The false information that BARRAGAN had been shot in the torso, conveniently fits defendants' story that BARRAGAN was posing an immediate threat of harm to defendant.

22. Despite the existence of a video footage that clearly shows BARRAGAN was shot in the back, one can only conclude that the omission was intended to support and legitimize the wrongful use of deadly force by Defendants.

23. BARRAGAN was deprived of his interests protected by the Constitution or laws of the United States, and Defendants caused all such deprivations while acting under color of state law.

24. All acts or omissions alleged to have been engaged by any individual defendants were committed with evil motive and intent, and in callous, reckless, and wanton disregard to the individual rights of BARRAGAN.

## FIRST CLAIM FOR RELIEF
### Unreasonable Search and Seizure-
### Excessive Force & Denial of Medical Care (42 U.S.C. § 1983)
### (Against Defendants ALMEDA and DOES 1-5 )

25. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-2, and 14 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26. The unreasonable use of force by ALMEDA and DOES 1-5, including shooting their firearms at BARRAGAN, deprived them of his right to be secure in their person against unreasonable searches and seizures as guaranteed to them under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27. ALMEDA and DOES 1-5 unreasonably delayed and denied medical assistance for BARRAGAN.

28.    All unreasonable seizures that preceded the shooting constituted reckless and intentional escalations of the situation which directly led to the shooting, therefore rendering the aforementioned defendants liable under an excessive escalation theory.

29.    ALMEDA and DOES 1-5 are liable because they were integral participants in these violations, or failed to intervene to prevent these violations.

30.    As a result, BARRAGAN suffered extreme pain and suffering, incurred medical expenses, and eventually lost his life and the enjoyment of his life.

31.    The conduct of ALMEDA and DOES 1-5 and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for BARRAGAN and BARRAGAN' rights and safety and therefore warrants the imposition of exemplary and punitive damages.

32.    Plaintiff Guadalupe Barragan seeks survival damages under this claim as a successor-in-interest to Fred Barragan.

## SECOND CLAIM FOR RELIEF
### Unreasonable Search And Seizure-
### Detention And Arrest (42 U.S.C. § 1983)
### (Against Defendants ALMEDA and DOES 1-5 )

33.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-2, and 14 through 24 of this Complaint with the same force and effect as if fully set forth herein.

34.    Defendants ALMEDA and DOES 1-5 caused BARRAGAN to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. These defendants detained Decedent without reasonable articulable suspicion, arrested him without a warrant or probable cause, and seized

him in an unreasonable manner.

35.    As a result of the conduct of ALMEDA and DOES 1-5 they are liable for BARRAGAN's injuries, either because they were integral participants in the unreasonable detention and arrest, or because they failed to intervene to prevent these violations.

36.    The conduct of ALMEDA and DOES 1-5 was willful, wanton, malicious, and done with reckless disregard for BARRAGAN's rights and safety, and therefore warrants the imposition of exemplary and punitive damages.

37.    Plaintiff seeks survival damages under this claim as a successor-in-interest to Decedent.

### THIRD CLAIM FOR RELIEF
**Municipal Liability for Unconstitutional**
**Custom/Policy/Practice (42 U.S.C. § 1983)**
**(Against Defendants CITY and DOES 6-10)**

38.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-2, and 14 through 24 of this Complaint with the same force and effect as if fully set forth herein.

39.    On and for some time prior to March 24, 2017 (and continuing to the present date) Defendants CITY and DOES 6-10 also referred to as DOE SUPERVISORS, deprived Plaintiff and BARRAGAN of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiff and BARRAGAN, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of:

(a) Employing and retaining as Police Officers and other personnel, including Defendants ALMEDA and DOES 1-5, who Defendants CITY and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies and for using excessive force;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other CITY personnel, including Defendants DOES 1-5, who Defendants CITY and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOES 1-5, who are CITY Police Officers;

(d) By having and maintaining an unconstitutional custom and practice of using excessive force, and covering up police misconduct. These customs and practices by CITY and DOE SUPERVISORS were condoned by said defendants in deliberate indifference to the safety and rights of its civilian, including Plaintiff.

40.    By reason of the aforementioned policies and practices of Defendants CITY and DOE SUPERVISORS, Plaintiffs have suffered severe pain and suffering, mental anguish, humiliation, and emotional distress.

41.    Defendants CITY and DOE SUPERVISORS, together with various" other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions

thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

42. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard for the well-being of Plaintiffs and their constitutional as well as human rights. Defendants CITY and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

43. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY and DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the Plaintiffs injuries.

44. Accordingly, Defendants CITY and DOE SUPERVISORS each are liable to Plaintiff BARRAGAN for compensatory damages under 42 U.S.C. § 1983, and to Plaintiff Guadalupe Barragan for survival damages.

**FOURTH CLAIM FOR RELIEF**
**Battery**
**(Against Defendants ALMEDA and DOES 1-5)**

45. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-2, and 14 through 24 of this Complaint with the same force and effect as if fully set forth herein.

46. ALMEDA and DOES 1-5, while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally used force against BARRAGAN, including but not limited to shooting him with his handgun. ALMEDA and DOES 1-5 had no legal

justification for using force against BARRAGAN, and their use of force while carrying out their police duties was unreasonable.

47.    Decedent suffered harm and died, and Plaintiff suffered harm, as a direct and proximate result of the conduct of ALMEDA and DOES 1-5 as alleged above.

48.    CITY is vicariously liable for the wrongful acts of ALMEDA and DOES 1-5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

49.    The conducts of ALMEDA and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling Plaintiff to an award of exemplary and punitive damages.

50.    Plaintiff Guadalupe Barragan seek wrongful death damages in her individual capacity, and survival damages as successors-in-interest to Decedent under this claim.

### FIFTH CLAIM OF RELIEF
### Negligence (G.C. §815.2)
### (Against Defendants ALMEDA and Does 1-5)

51.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-2, and 14 through 24 of this Complaint with the same force and effect as if fully set forth herein.

52.    The actions and inactions of CITY employees, including ALMEDA and DOES 1-5 were negligent and reckless, including but not limited to: (a) the failure to properly and adequately assess the need to detain, arrest, and use force against BARRAGAN; (b) the failure to monitor and record any use of force by CITY Police Officers, including ALMEDA and DOES 1-5; (c) the failure to monitor and record any injuries specifically caused by the use of force by CITY Police Officers, including ALMEDA and DOES 1-5; (d) the negligent pre-

shooting tactics and decisions; (e) the negligent detention, arrest, and use of force against BARRAGAN; (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect BARRAGAN' rights; (g) the negligent handling of evidence and witnesses; and (h) the negligent communication of information during the incident (i) the negligent post-shooting dissemination of information to the public, including Plaintiff.

53.   Decedent suffered harm and died, and Plaintiff suffered harm, as a direct and proximate result of CITY employees' conduct as alleged above.

54.   CITY is vicariously liable for the wrongful acts of its employees, including ALMEDA and DOES 1-5, pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

55.   The conduct of CITY employees, including ALMEDA and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, and Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

56.   Plaintiff seeks wrongful death damages in her individual capacity, and survival damages as successors-in-interest to Decedent under this claim. She is also seeking economic damages.

### SIXTH CLAIM FOR RELIEF
### Failure to Train (42 U.S.C. § 1983)
### (Against Defendant CITY and Does 6 through 10)

57.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-2, and 14 through 24 of this Complaint with the same force and effect as if fully set forth herein.

58.   Defendants CITY and DOE supervisors possessed the power and authority to hire and fire employees of the CITY Police Department and based

upon information and belief and negligently hired defendants and Does 1 thought 10 as police officers, entrusted them with the following duties: protect citizens, conduct reasonable investigations based upon reasonable beliefs that persons have been harmed, or property has been stolen or destroyed, and cause persons who commit crimes on property to be arrested.

59.    By virtue of the foregoing, defendants owed Plaintiff a duty of due care, and that duty was breached by defendants' negligent and careless manner in hiring, training, supervising and retaining by, among other things: a) Failing to adequately train its officers in the use of force, as well as constitutional limitations in the use of force; b) Failing to adequately train its officers in identifying a person that presents a threat of force or violence, as opposed to one that does not; c) Failing to adequately investigate background, training and experience as a officer and his propensity for violence; d) Failing to provide adequate supervisory control over the actions of its officers in regard to adequate training, supervision, equipment, planning, oversight, and administration; e) Failing to control the conduct of its officers who have a known propensity for violence and in failing to discipline its officers; f) Failing to investigate in good faith, allegations of excessive and unreasonable use of force by its officers; g) Failing to discipline its officers who use excessive and unreasonable force; and; h) Sanctioning, condoning and approving a law enforcement-wide custom and practice of a code of silence, cover-up and dishonesty. i) As a direct and proximate cause of the aforementioned acts of defendants, Plaintiff was injured as set forth above and are entitled to compensatory damages according to proof at the time of trial.

60.    By reason of the aforementioned policies and practices of Defendants CITY and DOES 6 through 10, inclusive, Plaintiff seeks survival damages as successors-in-interest to Decedent under this claim. Plaintiff also seeks special damages under this claim.

## SEVENTH CLAIM FOR RELIEF
### Violation of Bane Act (Cal. Civ. Cod §52.1
### (Against ALMEDA and DOES 1-5)

61.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-2, and 14 through 24 of this Complaint with the same force and effect as if fully set forth herein.

62.     ALMEDA and DOES 1-5 attempted to interfere with and did interfere with the rights of BARRAGAN's of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, by threatening and committing violent acts.

63.     BARRAGAN reasonably believed that if he exercised his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, ALMEDA and DOES 1-5 would commit violence against him.

64.     ALMEDA and DOES 1-5 injured BARRAGAN to prevent him from exercising his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure, and retaliate against him for having exercised his rights of free speech, free expression, free assembly, due process, and to be free from unreasonable search and seizure.

65.     The conduct of ALMEDA and DOES 1-5 was a substantial factor in causing harm to BARRAGAN.

66.     CITY is vicariously liable for the wrongful acts of ALMEDA and DOES 1-5 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

67.    The conduct of ALMEDA and DOES 1-5 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiff to an award of exemplary and punitive damages.

68.    Plaintiff seeks survival damages under this claim as a successor-in-interest to Decedent. She also seeks wrongful death damages in her individual capacity. Plaintiff also seeks special damages under this claim.

## EIGHTH CLAIM FOR RELIEF
### False Arrest and False Imprisonment
### (Against ALMEDA and DOES 1-5)

69.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-2, and 14 through 24 of this Complaint with the same force and effect as if fully set forth herein.

70.    ALMEDA and DOES 1-5 , while working as Police Officers for the CITY Police Department, and acting within the course and scope of their duties, intentionally deprived Decedent of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. ALMEDA and DOES 1-5, detained and arrested Decedent without reasonable suspicion or probable cause.

71.    Decedent did not knowingly or voluntarily consent.

72.    The conduct of ALMEDA and DOES 1-5  was a substantial factor in causing Decedent's harm.

73.    CITY is vicariously liable for the wrongful acts of ALMEDA and DOES 1-5 , pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

74.    The conduct of ALMEDA and DOES 1-5  was malicious, wanton,

oppressive, and accomplished with a conscious disregard for Decedent's rights, entitling Plaintiff to an award of exemplary and punitive damages.

75.    Plaintiff seek wrongful death damages under this claim in her individual capacity. Plaintiff also seek survival damages under this claim as a successor-in-interest to Decedent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants CITY, ALMEDA and DOES 1 through 10, inclusive, as follows:

1.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in an amount to be proven at trial in excess of $10 million;

2.    For punitive damages against the individual defendants in an amount to be proven at trial;

3.    For interest;

4.    For reasonable costs of this suit and attorneys' fees; and

5.    For such further other relief as the Court may deem just, proper, and appropriate.

DATE: June 12, 2017          THE SEHAT LAW FIRM, PLC


By: */s/ Cameron Sehat*
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.


DATE: June 12, 2017              THE SEHAT LAW FIRM, PLC


                                 By: */s/ Cameron Sehat*
                                     Attorney for Plaintiff